# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COURTNEY COBBS,**

    **Plaintiff,**

  v.            Case No. 18-CV-338

**RICHARD CHIAPETE,**
**PATRICIA HANSON, AND**
**ARTHEL L. HOWELL,**

    **Defendants.**

## REPORT AND RECOMMENDATION

  Plaintiff Courtney Cobbs, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. The Prison Litigation Reform Act (PLRA) applies to this case because Cobbs was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoner plaintiffs to confirm they state a claim upon which relief may be granted and are not frivolous or malicious. 28 U.S.C. § 1915A.

  On April 5, 2018, the court screened Cobbs's complaint and allowed him to proceed with a due process claim. (ECF No. 9.) About a week later, after some of the parties refused to have a magistrate judge enter final judgment, the case was reassigned

to Chief Judge William Griesbach. That same day, defendants Richard Chiapete and Patricia Hanson filed a motion to dismiss. (ECF No. 14.) Judge Griesbach denied the motion without prejudice based on their failure to comply with the local rules. (ECF No. 17.) On May 4, 2018, Judge Griesbach referred the case to this court for all pretrial proceedings and designated this court "to consider and submit . . . proposed findings of fact and recommendations for the disposition of any motion . . . to dismiss . . . ." (ECF No. 18.) On May 15, 2018, defendants Richard Chiapete and Patricia Hanson filed an amended motion to dismiss. (ECF No. 26.) That motion is now fully briefed.

A. <u>Cobbs's Allegations</u>

In 2006 a jury found Cobbs guilty of crimes related to a bank robbery. Cobbs maintains that he is innocent of the crimes. In November 2014 Cobbs learned that the Racine Police Department had two blood collection kits that contained swabs from a barbed wire fence and two brown envelopes that contained jean fibers. The evidence had not been subjected to DNA testing. Cobbs filed a motion in the Racine County Circuit Court asking that the evidence be preserved and that he be allowed to pay for DNA testing of the evidence under Wis. Stat. § 974.07.

On February 2, 2015, Racine County Circuit Court Judge Gerald Ptacek held a hearing to decide Cobbs's motion. (ECF No. 1-1 at 60.) At the hearing Judge Ptacek agreed to order that the items be preserved, but he refused to order that the items be DNA tested. He explained, "[I]n my opinion the evidence isn't really relevant and isn't

2

weighty enough for us to order independent testing on your behalf." (ECF No. 1-1 at 66.) He further stated,

> I'm not going to order that they be tested to determine if they have DNA on them and whose DNA it might be because I don't think that even in the—taking the view that would be most favorable to you, it doesn't give evidence that would be relevant as to whether you were one of the people who committed the offense or not . . . . If it's yours, obviously it supports a conviction. If it's not your DNA evidence, it doesn't help you because there are three other people involved—two other people involved here.

(*Id.* at 66-67.)

Cobbs appealed the Circuit Court's decision to the Wisconsin Court of Appeals, which placed the appeal in abeyance pending the Wisconsin Supreme Court's decision in *State of Wisconsin v. Denny*, 373 Wis.2d 390 (2017). (ECF No. 1-1 at 70.) *Denny* was set to reexamine the court's decision in *State v. Moran*, 284 Wis.2d 24 (2005), which held that, under Wis. Stat. § 974.07(6), a defendant had "the right to test the sought-after evidence containing biological material" at his own expense, assuming other statutory prerequisites were met. *Moran*, 284 Wis.2d at 51. *Moran* "drew a distinction between testing at private expense . . . and testing at public expense" and concluded that only when a movant seeks testing at public expense must he satisfy the heightened requirements set forth in § 974.07(7). *Denny*, 373 Wis.2d at 419-20.

On February 20, 2017, the Wisconsin Supreme Court in *Denny* overruled *Moran*, holding that § 974.07's requirement that a district attorney turn over physical evidence and biological samples does not give a criminal defendant the right to conduct DNA

3

testing of that evidence at his own expense unless he is able to meet the heightened requirements in § 974.07(7)[1]. *Denny*, 373 Wis.2d at 418-21.

Following *Denny*, the Wisconsin Court of Appeals affirmed the circuit court's decision to deny Cobbs's request for DNA testing of the evidence. (ECF No. 1-1 at 71; ECF No. 15-2 at 1.) The Court of Appeals explained,

> In *Denny* the Wisconsin Supreme Court reexamined Wis.Stat. § 974.07 and concluded that the statute did not independently authorize DNA testing of evidence at private expense. Rather, a movement must meet a number of conditions set forth in the statute before a court may conclude he or she is entitled to testing. Because Cobbs' motion did not meet those conditions here, we are satisfied that the circuit court properly denied it.

(ECF No. 15-2 at 2 (citations omitted).)

---

[1] Wis. Stat § 974.07(7)(a) states that a court "shall" order testing if all the following apply:

> 1. The movant claims that he or she is innocent of the offense at issue in the motion under sub. (2).
> 2. It is reasonably probable that the movant would not have been prosecuted, convicted, found not guilty by reason of mental disease or defect, or adjudicated delinquent for the offense at issue in the motion under sub. (2), if exculpatory deoxyribonucleic acid testing results had been available before the prosecution, conviction, finding of not guilty, or adjudication for the offense.
> 3. The evidence to be tested meets the conditions under sub. (2) (a) to (c).
> 4. The chain of custody of the evidence to be tested establishes that the evidence has not been tampered with, replaced, or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, the testing itself can establish the integrity of the evidence.

Wis. Stat § 974.07(7)(b) states that a court "may" order testing if all the following apply:

> 1. It is reasonably probable that the outcome of the proceedings that resulted in the conviction, the finding of not guilty by reason of mental disease or defect, or the delinquency adjudication for the offense at issue in the motion under sub. (2), or the terms of the sentence, the commitment under s. 971.17, or the disposition under ch. 938, would have been more favorable to the movant if the results of deoxyribonucleic acid testing had been available before he or she was prosecuted, convicted, found not guilty by reason of mental disease or defect, or adjudicated delinquent for the offense.
> 2. The evidence to be tested meets the conditions under sub. (2) (a) to (c).
> 3. The chain of custody of the evidence to be tested establishes that the evidence has not been tampered with, replaced, or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, the testing itself can establish the integrity of the evidence.

4

Cobbs asserts that, as interpreted by *Denny*, Wisconsin's post-conviction DNA access statute (Wis. Stat § 974.07) is unconstitutional because it forecloses his opportunity to obtain testing of evidence at his own expense. Cobbs also asserts that the appellate court's decision to apply the Wisconsin Supreme Court's new interpretation of the statute to his request for DNA testing violated his due process rights because he made his request for DNA testing more than two years before *Denny* and because the state courts refused to allow him to revise his request for DNA testing to address the heightened requirements in Wis. Stat § 974.07(7).

B. <u>The Court's Screening Order</u>

In its screening order, before considering whether Cobbs stated due process claims, the court evaluated whether, under the *Rooker-Feldman* doctrine, it had subject-matter jurisdiction over the case.

> The *Rooker-Feldman* doctrine holds that the lower federal courts lack subject-matter jurisdiction over actions that seek review of state-court judgments; only the United States Supreme Court has authority to review state judgments. *Rooker-Feldman* is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Stated differently, *Rooker-Feldman* is only concerned with situations in which the state court's decision is the source of the harm that the federal suit is designed to redress.

*Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 574-75 (7th Cir. 2013) (internal quotes and citations omitted) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

5

The court concluded that, under *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011), it had jurisdiction over Cobbs's due process claim only to the extent Cobbs was challenging the constitutionality of § 974.07, as recently interpreted by the Wisconsin Supreme Court in *Denny*. The court clarified that it did not have jurisdiction to review the state court's application of the heightened requirements in § 974.07(7) to Cobbs. It was not clear from Cobbs's allegations whether he was challenging the constitutionality of the statute or the state courts' application of the statute to him. Given the requirement that the court construe his allegations broadly at screening, the court allowed him to proceed with due process claims.

C. <u>Defendants Chiapete and Hanson's Motion to Dismiss</u>

Defendants Chiapete and Hanson argue that, under the *Rooker-Feldman* doctrine, the court does not have jurisdiction to decide Cobbs's claim. They explain that, under Wis. Stat. § 974.07, DNA testing can be performed at the State's expense or at the movant's expense. Wis. Stat. §§ 974.04(6), (7). They agree that the Wisconsin Supreme Court held in *Moran* that the heightened requirements applicable to DNA testing at the State's expense did not apply to DNA testing at the movant's expense. They also agree that the Wisconsin Supreme Court overruled *Moran* in *Denny* and held that the heightened requirements apply regardless of whether the State or the movant is paying for the DNA testing.

However, Chiapete and Hanson argue that the Wisconsin Supreme Court's decision in *Denny* is irrelevant to the determination of whether this court has subject-matter jurisdiction over Cobbs's claim. They explain that the circuit court never reached the question of whether Cobbs was required to satisfy the heightened requirements in Wis. Stat § 974.07(7) because it found that Cobbs had failed to demonstrate that the evidence he wants tested is relevant to the prosecution that resulted in his conviction. *See* Wis. Stat. § 974.07(2)(a). Chiapete and Hanson assert that, even under *Moran*, establishing relevance is a threshold requirement applicable to *all* requests for DNA testing, regardless of whether the State or the movant pays for it. Because requiring movants to demonstrate relevance is constitutionally permissible, Chiapete and Hanson assert that Cobbs's complaint can only be read as a challenge to the circuit court's judgment. Accordingly, Chiapete and Hanson argue that the court lacks subject-matter jurisdiction to decide Cobbs's claim.

D. Analysis and Recommendation

The court agrees with Chiapete and Hanson's assessment and will recommend to Judge Griesbach that this case be dismissed for lack of subject-matter jurisdiction.

Before being overruled by *Denny*, *Moran* held that a criminal defendant could conduct DNA testing of physical evidence in the possession of a government agency at his own expense *if*, among other things, he showed the evidence met the conditions under Wis. Stat. § 974.07(2). *Moran*, 2005 WI 115 at ¶ 3. That section states, "At any time

7

after being convicted of a crime . . . a person may make a motion in the court in which he or she was convicted . . . for an order requiring forensic [DNA] testing of evidence to which all of the following apply." Three conditions are then stated, the first of which is: "The evidence is relevant to the investigation or prosecution that resulted in the conviction . . . ." Wis. Stat. § 974.07(2)(a).

Accordingly, even under *Moran* a criminal defendant was required to show that the evidence at issue was relevant to his conviction. Cobbs does not challenge the constitutionality of that requirement, nor could he. The United States Supreme Court has held that there is no substantive due process right to DNA testing, and that placing certain procedural limitations, such as establishing relevance, on access to DNA evidence is constitutionally permissible. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69-70, 72-74 (2009).

In denying Cobbs's motion for DNA testing, the Racine County Circuit Court explained, "[B]ecause I don't think that even in the—taking the view that would be most favorable to you, it doesn't give evidence that would be relevant as to whether you were one of the people who committed the offense or not . . . . If it's yours, obviously it supports a conviction. If it's not your DNA evidence, it doesn't help you . . . ." (ECF No. 1-1 at 67.) In other words, Cobbs's motion for DNA testing was denied because he did not demonstrate that the evidence he wanted tested was relevant to his conviction as required by Wis. Stat. § 974.07(2).

8

The court acknowledges that the Wisconsin Court of Appeals muddied the waters when it stated that, "Cobbs's argument is foreclosed by the Wisconsin Supreme Court's recent decision of *State v. Denny* . . . ." (ECF No. 15-2 at 2.) As noted by Chiapete and Hanson, the Wisconsin Supreme Court's decision in *Denny* had no impact on Cobbs's request for DNA testing because the circuit court denied Cobbs's motion on the ground that he had failed to show that the evidence was relevant--a requirement even before *Denny* overruled *Moran*. If the circuit court had decided that Cobbs had established relevance, then *Denny* would have changed Cobbs's burden by requiring him to satisfy the heightened standards. That was the constitutional challenge with which the court originally allowed Cobbs to proceed. However, because the circuit court found that Cobbs did not establish relevance, *Denny* had no impact on Cobbs.

It is now clear that Cobbs is not challenging the constitutionality of Wis. Stat. § 974.07 as construed by *Denny*; instead, he is challenging the circuit court's decision that the evidence he wants to test is not relevant to his conviction. Because this court lacks subject-matter jurisdiction to review that decision, the court recommends that Chiapete and Hanson's motion be granted and that Cobbs's complaint be dismissed.

**IT IS THEREFORE RECOMMENDED** that Chiapete and Hanson's amended motion to dismiss (ECF No. 26) be **granted**.

**IT IS FURTHER RECOMMENDED** that this case be **dismissed** for lack of subject-matter jurisdiction.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 19th day of July, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge